IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHARLES ORLANDO FIELDS,<br>a/k/a Noble:buddha-angavu:sishya,<br><br>    Plaintiff,<br><br>vs.<br><br>TENNESSEE DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>    Defendants. | No. 1:18-cv-01117-STA-egb |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915 OR PAY THE $400 CIVIL FILING FEE

On July 3, 2018, Plaintiff Charles Orlando Fields, a/k/a Noble:buddha-angavu:sishya, Tennessee Department of Correction prisoner number 263062, who is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* Complaint pursuant to 42 U.S.C. § 2000cc and a non-standard Motion to Proceed *in forma pauperis* (ECF Nos. 1 & 2). Plaintiff, however, neglected to submit a copy of his trust account statement as required by 28 U.S.C. § 1915(a)(2).

Under the Prison Litigation Reform Act (the "PLRA"), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] 28 U.S.C. § 1915(b). Although the

---

[1] While subsection 1914(a) only requires a civil filing fee of $350, pursuant to subsection 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)–(b). And the Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus or cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)), *overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make installment payments. *See id.* at 604. But to take advantage of the installment payment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2); *McGore*, 114 F.3d at 604–05.

Therefore, Plaintiff is **DIRECTED** to submit, within 30 days of the entry of this Order, either the entire $400 civil filing fee or a properly completed and executed standard application to proceed *in forma pauperis* along with a certified copy of his inmate trust account statement for the last six months. The Clerk is also **DIRECTED** to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit form along with this Order.

If Plaintiff needs additional time to submit the affidavit, he may, within 30 days of the entry of this Order, file a motion for extension of time. If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). If Plaintiff fails to comply with this Order in a timely manner, however, the Court will deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action

without further notice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *McGore*, 114 F.3d at 605.[2]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE


Date: July 10, 2018.

---

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607 (citing *Tyler*, 110 F.3d at 529–30; *Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996)).