IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| CHARLES ORLANDO FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )    No. 18-1117-JDT-cgc |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, ET AL., | ) |
| | ) |
| Defendants. | ) |

_____

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ASSESSING $350.00 FILING FEE IN ACCORDANCE WITH PLRA
_____

On July 3, 2018, Plaintiff Charles Orlando Fields, a/k/a Noble:buddha-angavu:sishya, Tennessee Department of Correction prisoner number 263062, who is incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 2000cc and a non-standard motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) However, the motion did not include a certified copy of the Plaintiff's inmate trust account statement, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, the Court issued an order on July 10, 2018, directing Plaintiff to submit the necessary documents or pay the entire $400 civil filing fee.[1] (ECF No. 7.) On August 9, 2018, the

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees...as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As the Court is granting

Court granted Plaintiff's motion for enlargement of time in which to comply with the July 10, 2018 order. (ECF No. 12.)

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth,* 114 F.3d 601,605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, on August 31, 2018, Plaintiff again submitted a non-standard *in forma pauperis* affidavit in which it appears his trust fund officer refuses to give him a copy of his inmate trust fund statement. (ECF No. 13.) The Court will not penalize Plaintiff for the prison official's refusal to provide him with the necessary information. *Cf. McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013) ("A prisoner cannot be penalized when prison officials fail to promptly pay an assessment.") Therefore, the motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund

---

leave to proceed *in forma pauperis* in this case pursuant to the terms of the PLRA, Plaintiff is not liable for the additional $50 fee.

account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
111 S. Highland Ave., Ste. 262, Jackson, TN  38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of HCCF to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED.

                                        **s/James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE