UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


CHARLES ORLANDO FIELDS a/k/a          )
NOBLE:BUDDHA-ANGAVU:SISHYA,           )
                                      )
        Plaintiff,                    )
                                      )
VS.                                   )          No. 18-1117-JDT-cgc
                                      )
TENNESSEE DEPARTMENT OF               )
CORRECTION, ET AL.,                   )
                                      )
        Defendants.                   )

_____

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND MOTION TO APPOINT COUNSEL

_____


The Plaintiff, Charles Orlando Fields a/k/a Noble:buddha-angavu:sishya, filed this

civil complaint while he was a prisoner at the Hardeman County Correctional Facility in

Whiteville, Tennessee.[1]   (ECF No. 1.)   The Court granted leave to proceed *in forma*

*pauperis* and assessed the filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b).  (ECF No. 16.)

The case is undergoing screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The complaint was accompanied by a motion for temporary restraining order (TRO)

and preliminary injunction.  (ECF No. 5.)  However, the motion essentially asks the Court

to grant some of the same relief sought in the complaint even though Plaintiff has made no

---

[1] According to his recent notice of change of address, Fields is presently incarcerated at
the South Central Correctional Facility in Clifton, Tennessee.  (ECF No. 22.)

showing of a likelihood of success on the merits.  Therefore, the motion for a TRO and preliminary injunction is DENIED.

Plaintiff also filed a motion for appointment of counsel.  (ECF No. 10.)  Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel."  However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right."  *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . .").  Appointment of counsel is "a privilege that is justified only by exceptional circumstances."  *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted).  "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved."  *Id.* at 606 (internal quotation marks and citations omitted).  Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim.  *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Because the case is still undergoing screening, Fields has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel.  The motion

for appointment of counsel is DENIED without prejudice to re-filing should this case be

allowed to proceed.

IT IS SO ORDERED.

         s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE