UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ORLANDO FIELDS, a/k/a Noble:buddha-angavu:sishya, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 1:18-cv-1117-JDT-cgc |
| TENNESSEE DEPARTMENT OF CORRECTION, ET AL. | ) ) ) ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On July 3, 2018, Plaintiff Charles Orlando Fields, a/k/a Noble:buddha-angavu:sishya, who is incarcerated at the South Central Correctional Facility in Clifton, Tennessee, filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Fields filed the financial documentation required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), (ECF No. 9), the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the PLRA. (ECF No. 16.)

Fields also has filed several motions and notices. (ECF Nos. 3-5, 8, 10-11, 13, 17-21.) Of note are his motion for a temporary restraining order, (ECF No. 5), and motion for appointment of counsel, (ECF No. 10), both of which the Court denied. (ECF No. 24.)

Fields also moved to amend and supplement his complaint, (ECF No. 19), which the Court granted. (ECF No. 23.) The amended complaint supersedes Field's original complaint. The Clerk shall record the Defendants as the Tennessee Department of Correction (TDOC); Trinity Food Service; the Hardeman County Correctional Facility (HCCF); CoreCivic; the Northeast Correctional Complex (NECX); the Trousdale Turner Correctional Center (TTCC); Tony Parker, TDOC Commissioner; Vashti Holt, TDOC Title VI Coordinator; Deborah Thompson, TDOC Religious Director; Denys Yeager, TDOC Liaison; former HCCF Warden Grady Perry; Assistant HCCF Warden Jeremy Hensley; Associate HCCF Warden First Name Unknown (FNU) Rogers; FNU Ponds, HCCF Chief of Security; Rebecca Wilson, HCCF Grievance Chairperson; Tomicka McKinnie, HCCF Protective Custody Unit Manager; Shierley Robertson; Marva Wills; John Gore; FNU Mason; FNU Wolf; Kizzy Woods, HCCF Job Coordinator; Yameekia Sharpe; Jalecia Young; Sasha Williams, Case Manager; former TDOC Commissioner Derrick Schofield; Jason Woodall; Marcedes Harding; former NECX Warden Randy Lee; Kevin Hampton; Cherry Douthitt, NECX Grievance Chairperson; Eileen Hayworth, NECX Classification Coordinator; Angie Dixon, the NECX Chief Counselor; Clifford Tressler, a Cert Team Member at the NECX; Jeffrey Tester; Micheal Stewart, the NECX Library GCO; former TTCC Warden Blair Leibach; Christopher Brun, TTCC Contract Monitor; Joanna Veal, TTCC Chief of Unit Management; Douglas D. Gibson, TTCC Chaplain; Jessica J. Garner, TTCC Grievance Chairperson; Teri Carver, TTCC Unit Manager; HCCF Sergeant FNU Porter; Darlene Mathews, HCCF Legal Library Supervisor; Kent Joy, HCCF Mailroom Supervisor; Erica Taylor, HCCF Segregation Sergeant; FNU Beard, HCCF Segregation

2

Sergeant; HCCF Lieutenant FNU Baker; Maquita Thomas, HCCF Case Manager; Tiffany Boyland, HCCF Unit Manager; John Borden, HCCF Health Administrator; Bernard Dietz, a physician at HCCF; Elizabeth Ricketts; Christine Smith, HCCF Trust Fund Trustee; FNU Gates, HCCF Mailroom Supervisor; and Latriva Lanier, HCCF Unit Manager. Fields sues all of the individual Defendants only in their official capacities.

Fields's amended pleading consists of a 41-page complaint and a 15-page Declaration/Affirmation. Both documents are disjointed, difficult to follow, and at times incoherent. At various points, he alleges that "a grievance was filed" for alleged violations of his First Amendment rights that were denied at all levels of appeals. (*Id.* at PageID 538-46.) He alleges he was sent to segregation several times—sometimes for named infractions and sometimes, according to Fields, for no reason at all. (*Id.* at PageID 539, 544, 546.) He alleges that he was released in some instances after his mother contacted one of the Defendants. (*Id.* at PageID 541, 544, 546.) Fields asserts he has been punished for refusing to sign different documents, including his own grievances, using his "government name" of Charles Orlando Fields.[1] (*Id.* at PageID 539, 541, 546.) He also alleges that he has faced disciplinary charges for failing to show identification, defiance, and threatening an employee, though some of these charges have been dismissed and others have simply gone away after he appealed them. (*Id.* at PageID 540.) Fields also alleges that his transfer from one correctional facility to another "constituted illegal restraint of

---

[1] Fields contends that he is not "the artificial fictional person ORLANDO CHARLES FIELDS, ESTATE created July 17th, 1972" and "advise[s]" the Court that he is "a divine being incarnated in spirit of the Estate of law." (*Id.* at PageID 548-49.)

trade in the form of human trafficing [sic]." (*Id.* at PageID 543; *see id.* at PageID 559.) Fields in passing alleges that various Defendants have retaliated against him, conspired against him, assaulted him, failed to administer proper medical treatment, and violated both federal law and "God's law." (*Id.* at PageID 538, 541-46.) At one point, Fields asserts that he was denied access to yoga and meditation classes offered at Riverbend Maximum Security Institution when he instead was transferred to TTCC. (*Id.* at PageID 559.)

Fields asserts that the various Defendants are "attempting to cover up their minions official misconduct by their subordinates, and actively attempted to further the ends of the misconduct (i.e. participate in the civil conspiracy)." (*Id.* at PageID 551.) Fields cites numerous federal statutes and provisions of law under which he seeks to charge the Defendants with various crimes and misdeeds.[2] (*Id.* at PageID 552.) Fields asserts clams under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*, (*id.* at PageID 553-54), the Tennessee Constitution (*id.* at PageID 556), and various constitutional provisions (*id.* at PageID 559).

Fields seeks declaratory and injunctive relief. (*Id.* at PageID 564-567.) He also seeks $320 million in "Gold/Silver," over $100 million in compensatory damages, and several thousand more in punitive damages. (*Id.* at PageID 567-68.)

---

[2] Fields also takes issue with the use of his last name and all-caps formatting of his name, which he asserts is "in breach of Fed. R. Civ. P. Rule 10." (*Id.* at PageID 551-52.) There is, however, "no legal distinction between a capitalized and uncapitalized name in criminal matters." *Payne v. Klida*, No. 15-CV-14127, 2016 WL 491847, at *3 (E.D. Mich. Jan. 6, 2016), report and recommendation adopted, No. 15-CV-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016) (citing cases).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Fields filed his amended complaint pursuant to RLUIPA, 42 U.S.C. §§ 2000cc to 2000cc-5. The Court construes Fields's amended complaint as also seeking relief pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Fields asserts claims against various state prisons, officials of those prisons, private companies, and officials of those private companies. He sues each individual official in only his or her official capacity. "[A] suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (internal citation omitted). Similarly, an official-capacity suit against employees of an agency or company is in essence a suit against the company of which they are agents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, Fields's claims against the TDOC and his official-capacity claims against TDOC employees must be treated as brought against the State of Tennessee. The claims against the NECX and the official-capacity claims against NECX employees also are construed as claims against the TDOC and, in turn, against the State of Tennessee. Fields's claims against the HCCF and the TTCC, and his official-capacity claims against HCCF and TTCC employees, will be treated as brought against CoreCivic, which manages those facilities.[3]

Fields has no valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of*

---

[3] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison."); https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center.html ("Trousdale Turner Correctional Center (TTCC) is a medium security facility managed by CoreCivic, a private corrections management firm.")

*Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Graham*, 473 U.S. at 167 n.14; *Ex Parte Young*, 209 U.S. 123, 159-160 (1908)); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with his official-capacity claims against TDOC and NECX officials for injunctive relief, Fields must allege that the State was responsible for the violation of his constitutional rights because of a practiced custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that to establish the requisite causal link between constitutional violation and policy, a plaintiff must "identify the policy,

8

connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694).

The same applies to Fields's claims against CoreCivic and Trinity Food Services. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against either company, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Fields has not alleged that any policy or custom of the State of Tennessee, CoreCivic, or Trinity Food Service played a part or was the "moving force" behind the alleged violations of his constitutional rights. He instead alleges various misdeeds by individual officials at each facility, but he does not seek to hold those individuals

9

responsible in their individual capacities. None of his allegations against the individuals are properly imputed to the State, CoreCivic, or Trinity Food Service without an official policy or custom linking them to the alleged violations by their officials. Fields therefore fails to state a claim against the State of Tennessee or any facility, company, or individual in their official capacity.

Fields generally alleges that various Defendants have conspired against him to deny him various rights. A plaintiff may plead a conspiracy claim under § 1983, but he must do so with specificity. *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). "[V]ague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Id.* (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). This pleading standard for a claim of civil conspiracy is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). Fields's claims fail this standard. He broadly alleges a conspiracy without any material factual support suggesting any Defendant conspired with another to deny his rights.

Because Fields is no longer at any of the facilities against which he seeks declaratory and injunctive relief, his request for such relief is moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

Fields also seeks relief under RLUIPA. Under RLUIPA, a claimant may "assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C § 2000cc-2(a). An inmate's right to

"appropriate relief" under RLUIPA, however, does not encompass monetary damages. *See Pleasant-Bey v. Luttrell*, No. 2:11CV-02138-TLP-TMP, 2018 WL 4291935, at *4 & n.4 (W.D. Tenn. Sept. 7, 2018) (quoting *Haight v. Thompson*, 763 F.3d 554, 568-70 (6th Cir. 2014)). As noted above, Fields's requests for declaratory and injunctive relief are moot. He therefore would be able to receive only monetary damages at this stage of the action. *Id.* However, Fields is not eligible for monetary damages under RLUIPA, so his RLUIPA claims also must be dismissed.

For all of the foregoing reasons, Fields's amended complaint is subject to dismissal in its entirety.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the

right of access to the courts."). In this case, the Court concludes that leave to further amend is not warranted.

In conclusion, the Court DISMISSES Fields's amended complaint for failure to state a claim on which relief can be granted and for seeking monetary relief against a party immune from that relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED. Because all of the federal claims are being dismissed, the Court DECLINES to exercise supplemental jurisdiction over any claims arising under state law. Those state law claims are DISMISSED pursuant to 28 U.S.C. § 1367(c)(3), without prejudice to refiling in state court.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Fields in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Fields would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Fields nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the

installment procedures contained in § 1915(b).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951.  *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Fields is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Fields, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.  This strike shall take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE